NORTHCUTT, Judge.
Clifford Lee Perkins filed a motion under Florida Rule of Criminal Procedure 3.800(a), contending that his written sentences do not conform to the trial court’s oral pronouncement. The postconviction court denied Perkins’ motion on the ground that the sentences were corrected by a prior order of the court. But the written judgments and sentences, as allegedly corrected, reflect that the postconviction court is mistaken; therefore, we reverse and remand for additional correction of Perkins’ sentences.
In 2009, Perkins pleaded guilty to eight offenses. Case numbers 06-20699 and 06-20959 each involved one count of sale or delivery of cocaine within 1000 feet of a school, a first-degree felony, and one count of possession of cocaine, a third-degree felony. Case number 07-21704 involved two counts of sale or delivery within 1000 feet of a school and two counts of possession of cocaine. In resolving these cases, the trial court pronounced that Perkins was to serve a total of nine years’ imprisonment and orally structured the sentences as follows: Perkins was to serve concurrent terms of 108 months’ imprisonment on each of the first-degree felonies concurrently with concurrent terms of 60 months’ imprisonment on each of the third-degree felonies. Because each of the first-degree felonies required the imposition of a three-year minimum mandatory term, § 893.13(l)(c)(l), Fla. Stat. (2006), the trial court ran three of the minimum mandatory terms consecutively and the fourth concurrently, for a total minimum mandatory of 108 months. The intent of this sentence structure was to ensure that Perkins served a minimum mandatory term of nine years without any additional consecutive terms.
Unfortunately, the 2009 written judgments and sentences did not accurately reflect the trial court’s oral pronouncement. Instead, in each of the 2006 cases, the sentencing documents indicated that the 60-month terms for the third-degree felonies were to be served consecutively to, rather than concurrently with, the 108-month terms for the first-degree felonies. In the 2007 case, the sentencing documents indicated that the first-degree felonies were to run consecutively to each other but concurrently with the concurrent terms for the third-degree felonies.[1] This error prompted Perkins to file a motion to correct illegal sentence. The postconviction court granted the motion in a January 2012 order directing that page seven of each of the 2006 sentencing documents be corrected to reflect that the counts in those cases were to run concurrently. However, while page six of those documents now reflects that the counts are to run concurrently, page seven was not corrected and continues to reflect that the counts run consecutively.[2] In addition, the documents for the 2007 case do not reflect that the sentences for the four counts in that case are to run concurrently.
*474 Perkins consequently filed the current rule 3.800(a) motion, again seeking conformance of his written sentences with the oral pronouncement. The postconviction court denied this new motion on the ground that it had previously ordered the sentences corrected. But because the corrections were not complete, Perkins is still serving an illegal sentence.
Accordingly, we reverse the postconviction court’s order and remand with instructions that the court direct the clerk to comply with the order of January 6, 2012, by correcting page seven of the judgments and sentences in case numbers 06-20959 and 06-20699 to reflect that the sentences on count two are to run concurrently with the sentences on count one. In addition, the postconviction court shall direct the clerk to correct pages four, eight, and eleven of the judgment and sentence in case number 07-21704 to reflect that the sentences on all counts are to run Concurrently-
Reversed and remanded with directions.
ALTENBERND and KELLY, JJ., Concur.

. All of the documents correctly indicate that the sentences in the three cases are to run concurrently with each other.

. To facilitate this court’s review, we directed the clerk of the circuit court to supplement the summary record with the judgments and sentences entered on January 6, 2012, pursuant to the postconviction court's order granting Perkins’ first rule 3.800(a) motion raising this issue.